**2025 IL 129526**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

———————————

(Docket No. 129526)

CARMEN MERCADO *et al.*, on Behalf of Themselves and All
Others Similarly Situated, Appellants, v.
S&C ELECTRIC COMPANY, Appellee.

*Opinion filed January 24, 2025.*

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Rochford, and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1     The plaintiffs, Carmen Mercado and Jorge Lopez, on behalf of themselves and other persons similarly situated, filed a class action complaint in the circuit court of Cook County against their former employer, S&C Electric Company (S&C), seeking unpaid wages pursuant to section 12 of the Minimum Wage Law (Wage Law) (820 ILCS 105/12 (West 2020)). The plaintiffs alleged that S&C underpaid

their overtime wages by incorrectly excluding certain performance bonuses from the "regular rate" of pay used to calculate overtime pay. See *id.* § 4a(1). S&C filed a motion to dismiss the complaint, arguing that the performance bonuses were statutorily excluded from the regular rate of pay because they were "not measured by or dependent on hours worked" (56 Ill. Adm. Code 210.410(a) (1995)). S&C also argued that it paid adjusted payments to the plaintiffs that accounted for all alleged unpaid wages and, therefore, the plaintiffs failed to plead that they were entitled to damages.

¶ 2        The circuit court granted S&C's motion and dismissed the complaint with prejudice on the basis that the plaintiffs' alleged underpayment was satisfied in whole by the adjusted payments made by S&C. The appellate court affirmed the circuit court's judgment of dismissal. 2023 IL App (1st) 220020. For the following reasons, we reverse the lower courts' judgments and remand the cause to the circuit court for further proceedings consistent with this opinion.

¶ 3                                    BACKGROUND

¶ 4        The plaintiffs filed their initial class action complaint on December 17, 2020, and they filed an amended class action complaint on March 5, 2021. According to the amended complaint, Mercado worked for S&C for approximately 16 years, from 2004 until June 2020 as an hourly-paid factory assembly worker. Lopez worked for S&C from around February 2019 to around September 2019 as an hourly-paid factory assembly worker.

¶ 5        The plaintiffs alleged that, during their employment, S&C promised and paid to them and other hourly employees "nondiscretionary bonuses in various forms." The plaintiffs alleged that these performance bonuses[1] were not in the nature of gifts, not made pursuant to a *bona fide* thrift or savings plan, and not paid in recognition of any special talent. Instead, S&C paid the bonuses as part of its regular business practices, "in recognition of and to compensate Plaintiffs for their services performed at the company." The plaintiffs further alleged that S&C

---

[1]In the record and their briefs, the parties refer to the bonuses as, variously, "incentive payments," "incentive bonuses," and "performance bonuses." For purposes of consistency, we will refer to the bonuses as "performance bonuses" throughout this opinion.

incorrectly failed to include the performance bonuses in their regular rate of pay for purposes of calculating overtime pay, resulting in an underpayment of overtime wages.

¶ 6    The amended complaint listed examples of performance bonuses that the plaintiffs received in 2019 and 2020 that S&C failed to include in their regular rate of pay for purposes of calculating overtime pay. The performance bonuses, which ranged from approximately $100 to $900, were listed on the plaintiffs' pay stubs as, *inter alia*, "KPI Incentive," "MIS bonus," "Success sharing," and "Seniority award." The plaintiffs alleged that S&C paid the performance bonuses to compensate the plaintiffs for their services and recognize the plaintiffs' satisfaction of certain performance and safety metrics and seniority goals.

¶ 7    The amended complaint alleged that, on or around July 31, 2020, after the plaintiffs' employment had ended, S&C paid them adjusted payments in the amounts of $486.74 to Mercado and $10.33 to Lopez. The plaintiffs alleged that, to the extent that these adjusted payments were intended to correct the miscalculation of their overtime wages for the relevant time periods, they were insufficient to cover the shortfall in overtime wages and statutory damages and penalties resulting from the underpayment.

¶ 8    The plaintiffs alleged, on behalf of themselves and members of a putative class, that S&C violated section 4a(1) of the Wage Law (820 ILCS 105/4a(1) (West 2020)) by failing to include the performance bonuses in their regular rate of pay for purposes of calculating overtime pay. They sought to certify a class consisting of all individuals who (1) worked for S&C as hourly, nonexempt employees in Illinois within the three years immediately preceding the filing of the lawsuit, (2) worked a total of more than 40 hours in a workweek, and (3) received a performance bonus attributable in whole or in part to that workweek, and whose performance bonus was not included in their regular rate of pay. The plaintiffs requested relief in the form of unpaid wages, prejudgment interest, treble damages and 5% per-month interest on all unpaid wages for each month the unpaid wages remained delinquent, attorney fees and costs, and injunctive relief requiring S&C to pay all statutorily required wages and penalties and barring future violations of the statute by S&C.

¶ 9    In response, S&C filed a combined motion to dismiss the amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-

619.1 (West 2020)). S&C alleged that the plaintiffs failed to state a cause of action under the Wage Law, pursuant to section 2-615 of the Code (*id.* § 2-615), because they (1) failed to allege that the performance bonuses should have been included in the regular rate of pay and (2) failed to allege that they were entitled to statutory damages under section 12(a) of the Wage Law (820 ILCS 105/12(a) (West 2020)). Alternatively, S&C alleged that the amended complaint should be dismissed under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)) because an affidavit attached to S&C's motion refuted the allegations in the amended complaint and defeated the plaintiffs' claims.

¶ 10        S&C first argued that the performance bonuses were exempt from being included in the regular rate of pay because the bonuses were not "measured by or dependent on hours worked," pursuant to an administrative regulation. See 56 Ill. Adm. Code 210.410(a) (1995). That regulation states, in part: "The 'regular rate' shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, *but shall not include*: (a) Sums paid as gifts such as those made at holidays or other amounts that are not measured by or dependent on hours worked[.]" (Emphasis added.) *Id.* S&C maintained that the plaintiffs failed to state a cause of action because they failed to plead explicitly that the performance bonuses were measured by or dependent on hours worked, in accordance with section 210.410(a).

¶ 11        Alternatively, even if the amended complaint could be construed as alleging that the bonuses were dependent on hours worked, S&C argued that those allegations were refuted by the affidavit of Aurelie Richard, the "Chief Human Development and Strategy Officer" for S&C. In paragraph 2 of her affidavit, Richard stated, "None of the incentives alleged in the Amended Complaint, including KPI, MIS, success sharing, or the seniority award, are measured by or dependent on hours worked by team members." S&C argued that Richard's sworn statement in paragraph 2 superseded the amended complaint's allegations made upon information and belief and, as a result, the plaintiffs' cause of action was deficient.

¶ 12        Next, S&C argued that the amended complaint should be dismissed under section 2-615 because the plaintiffs failed to plead that they were entitled to damages greater than the amounts they received in the adjusted payments. S&C

argued that the adjusted payments fully accounted for any alleged underpayment. Therefore, no statutory damages, penalties, or interest were due to the plaintiffs under section 12(a) of the Wage Law. See 820 ILCS 105/12(a) (West 2020). Alternatively, S&C argued that the amended complaint should be dismissed under section 2-619 because the Richard affidavit defeated the plaintiffs' claims that they were entitled to statutory damages. In her affidavit, Richard attested that (1) on July 31, 2020, S&C paid Mercado overtime wages in the amount of $486.74, which took into account, for purposes of determining the regular rate of pay, all performance bonuses received by Mercado from 2017 through July 31, 2020, plus interest of 5% per year;[2] (2) on July 31, 2020, S&C paid Lopez overtime wages in the amount of $10.33, which took into account, for purposes of determining the regular rate of pay, all performance bonuses received by Lopez from 2017 through July 31, 2020, plus interest of 5% per year; (3) S&C paid adjusted overtime wages to all individuals who were employed by S&C as hourly-paid employees from March 2017 through March 2020, using the same calculation and interest rate as the adjusted payments to Mercado and Lopez; and (4) after making the adjusted payments, S&C changed the way it calculates the regular rate of pay and now includes performance bonuses in the regular rate for purposes of calculating overtime for hourly employees.

¶ 13        The trial court granted S&C's motion and dismissed the amended complaint with prejudice. In a memorandum opinion and order, the trial court denied the motion to dismiss with respect to whether the performance bonuses should have been included in calculating overtime pay, but it granted the motion with respect to the damages issue. Regarding the first issue, the trial court found that bonuses "that are not measured by or dependent on hours worked" are properly excluded from the calculation of overtime wages. See 56 Ill. Adm. Code 210.410(a) (1995). However, the court did not determine whether the performance bonuses in this case were measured by or dependent on hours worked, finding there was an issue of material fact on that issue. In so holding, the trial court declined to consider paragraph 2 of Richard's affidavit, which the court found to be conclusory and

---

[2]In its appellee brief, S&C clarifies that the bonuses it used to recalculate Mercado's regular rate of pay and overtime rate included her KPI incentive bonus, MIS bonus, and success sharing bonus but did not include her seniority award. According to S&C, this factual correction does not affect Lopez, who never received a seniority award.

unsupported by sufficient facts. Regarding the second issue, the trial court found that the adjusted payments fully satisfied the alleged underpayment of overtime wages and that the plaintiffs failed to plead that they were entitled to any additional damages.

¶ 14 The appellate court affirmed the trial court's judgment on both grounds. 2023 IL App (1st) 220020. The appellate court agreed with the trial court that section 210.410(a) means that bonuses "that are not measured by or dependent on hours worked" are properly excluded from the calculation of overtime wages. *Id.* ¶¶ 27-28. Further, while the appellate court disagreed that paragraph 2 of the Richard affidavit ought to have been stricken as a conclusory statement (*id.* ¶ 25), it affirmed the trial court's finding that there was insufficient evidence in the record to determine the nature of the performance bonuses (*id.* ¶ 28). Finally, the appellate court found that the plaintiffs failed to sufficiently plead an underpayment of overtime wages because the adjusted payments fully compensated them for their alleged damages. *Id.* ¶¶ 35, 37.

¶ 15 This court allowed the plaintiffs' petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2021). We granted leave to the Illinois Attorney General and the Illinois Department of Labor (Department) to file an *amicus curiae* brief in support of the plaintiffs' position, and we granted leave to the Illinois Chamber of Commerce, the Chicagoland Chamber of Commerce, and the Illinois Manufacturers' Association to file an *amicus curiae* brief in support of S&C's position. See Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 16 ANALYSIS

¶ 17 On appeal to this court, the plaintiffs maintain that the appellate court erred in concluding that (1) performance bonuses that are "not measured by or dependent on hours worked" are excluded from the regular rate of pay for purposes of calculating overtime and (2) the adjusted payments fully compensated the plaintiffs for the alleged underpayment of overtime wages. Our review of these issues incorporates the following principles.

¶ 18 A motion to dismiss filed under section 2-615 of the Code challenges the legal sufficiency of the complaint based upon defects apparent on its face. 735 ILCS 5/2-

615 (West 2020); *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47. In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts in the complaint and all reasonable inferences that may be drawn therefrom, construing the allegations of the complaint in the light most favorable to the plaintiff. *Id.* A cause of action should not be dismissed unless it is clearly apparent that no set of facts can be proved that would entitle a plaintiff to recover. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006).

¶ 19 A motion to dismiss filed under section 2-619(a)(9) allows a claim to be dismissed where it "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020). "Affirmative matter" encompasses any defense other than a denial of the essential allegations of the plaintiff's claim. *Khan*, 2012 IL 112219, ¶ 18. For this reason, a section 2-619 motion admits as true all well-pleaded facts and all reasonable inferences drawn from those facts. *Id.* A court ruling on a section 2-619 motion must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* On appeal, a reviewing court applies *de novo* review to the trial court's rulings on motions to dismiss filed under either section 2-615 or 2-619. *Id.* ¶¶ 18, 47.

¶ 20 The issues raised in this appeal both entail statutory construction. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 279 (2003). The best indication of the legislature's intent is the language in the statute, which must be given its plain and ordinary meaning. *Id.* Where the statutory language is clear and unambiguous, this court will apply the statute as written without resort to extrinsic interpretive aids. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). When interpreting a statute, a court may not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the clear legislative intent. *Palm v. Holocker*, 2018 IL 123152, ¶ 21. Nor may a court read a statute in a way that renders any part superfluous or meaningless. *Id.* Rather, it should read the statute as a whole and give effect to every word, clause, and sentence. *Id.* "Words and phrases must be interpreted in light of other relevant provisions of the statute and must not be construed in isolation." *Id.* We construe administrative rules and regulations, which have the force and effect of law, under

the same standards that govern the construction of statutes. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 380 (2008).

¶ 21 Issues of statutory interpretation are questions of law that are subject to *de novo* review. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 16. Even where review is *de novo*, however, "an agency's interpretation of its regulations and enabling statute are 'entitled to substantial weight and deference,' given that 'agencies make informed judgments on the issues based upon their experience and expertise and serve as an informed source for ascertaining the legislature's intent.' " *Id.* (quoting *Provena Covenant Medical Center v. Department of Revenue*, 236 Ill. 2d 368, 387 n.9 (2010)).

¶ 22                    I. Inclusion of Performance Bonuses in Regular Rate

¶ 23 The circuit court interpreted section 210.410(a) of the regulations to mean that any bonuses that are "not measured by or dependent on hours worked" are excluded from the numbers used to determine the employee's regular rate of pay. Therefore, the excluded amounts are not used in the calculation of overtime payments. See 56 Ill. Adm. Code 210.410(a) (1995). The circuit court denied S&C's motion to dismiss on the issue of whether the performance bonuses should have been included in the regular rate of pay, however, because it found a general issue of material fact existed as to the nature of the bonuses. The appellate court agreed with the circuit court on both points. See 2023 IL App (1st) 220020, ¶ 28. The plaintiffs maintain that the circuit court erred in concluding as a matter of law that performance bonuses that are not measured by or dependent on hours worked are excluded from the regular rate. They therefore argue in this court that the motion to dismiss should have been denied on the merits.

¶ 24 The plaintiffs filed their complaint seeking damages for an underpayment of wages pursuant to section 12(a) of the Wage Law, which states, in part:

"§ 12. (a) If any employee is paid by his or her employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month

- 8 -

following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a) (West 2020).

¶ 25    Section 4a(1) of the Wage Law defines overtime compensation as follows:

"§ 4a. (1) Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." *Id.* § 4a(1).

¶ 26    Section 210.410 of the regulations defines the term "regular rate" and lists specific types of compensation that are excluded from the regular rate. 56 Ill. Adm. Code 210.410 (1995). Section 210.410 states, in its entirety:

"*The 'regular rate' shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not include:*

*a) Sums paid as gifts such as those made at holidays or other amounts that are not measured by or dependent on hours worked*; and

b) Payments made for occasional periods when no work is performed due to a vacation, holiday, illness, failure of employer to provide sufficient work, or other similar cause; and

c) Sums paid in recognition of services performed which are:

1) determined at the sole discretion of the employer, or

2) made pursuant to a bona fide thrift or savings plan, or

3) in recognition of a special talent; and

d) Contributions irrevocably made by an employer to a trustee or third person pursuant to a bona fide plan for providing old age, retirement, life, accident, or health insurance or similar benefits for employees; and

e) Extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight a day where such premium rate is not less

than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days; and

  f) Extra compensation provided by a premium rate paid to employees on Saturdays, Sundays, holidays or regular days of rest where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days; and

  g) Extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or collective bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic workday where such premium rate is not less than one and one-half times the rates established in good faith by the contract or agreement for like work performed during such workday or workweek." (Emphasis added.) *Id.*

¶ 27    At issue is the exclusion in section 210.410(a): "Sums paid as gifts such as those made at holidays or other amounts that are not measured by or dependent on hours worked[.]" *Id.* § 210.410(a). The plaintiffs argue that the appellate court erred in interpreting section 210.410(a) to exclude performance bonuses that are not "measured by or dependent on hours worked" from the calculation of their regular rate of pay. See 2023 IL App (1st) 220020, ¶¶ 27-28. They argue that the plain language of the exclusion encompasses only actual gifts and similar payments, for example, an employer's gift of $1,000 to all employees around the holidays or a payment of $500 to a valued employee to spend on an upcoming vacation. The plaintiffs contend that the appellate court ignored the phrase "such as" and expanded the meaning of the gift exclusion beyond the Department's intent in ruling that *all* amounts not measured by or dependent on hours worked are excluded from the regular rate.

¶ 28    The Illinois Department of Labor and Illinois Attorney General, as *amici*, agree with the plaintiffs that nondiscretionary performance bonuses paid to hourly employees constitute "remuneration" of the sort referred to in section 210.410. See 56 Ill. Adm. Code 210.410 (1995) ("The 'regular rate' shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee ***."). They contend that "[a]n employer that pays its employees in part by offering them regular incentive payments—whether tied to production targets, seniority, or any

other metric—has simply chosen to tie its compensation, in part, to a factor other than hours worked." Section 210.420 of the regulations recognizes that an employee's regular rate of pay may include compensation that is not measured by hours worked. See *id.* § 210.420(b) ("The regular rate is a rate per hour. The Act does not require employers to pay employees on an hourly rate basis. Their earnings may be determined on a piece-rate, salary, commission, or some other basis, but in such case the overtime pay due must be computed on a basis of the hourly rate derived from such earnings."). The *amici* who support the plaintiffs' interpretation of the regulation also argue that

> "an incentive payment tied to performance metrics (of the kind plaintiffs allege is at issue here ***) is functionally indistinguishable from piece-rate compensation: Both compensate employees not by time, but by output. *** A non-discretionary incentive payment is not a 'gift'; it is an alternative form of compensation for labor, in the same way that piece-rate pay is."

¶ 29    We find that the plaintiffs' and their supporting *amici*'s reading of section 210.410(a) is consistent with the provision's plain, unambiguous language. The first words in the provision are "Sums paid as gifts," followed by the phrase "such as." The remaining text following the term, "sums paid as gifts," is illustrative of the types of payments that are of the same character as gifts. See *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 492 (2009) ("Under the *ejusdem generis* doctrine, when a statutory clause specifically describes several classes of persons or things and then includes 'other persons or things,' the word 'other' is interpreted to mean 'other such like.' "). A gift is defined as "[t]he voluntary transfer of property to another without compensation." Black's Law Dictionary (12th ed. 2024). Thus, the phrase "other amounts that are not measured by or dependent on hours worked" must be read as a description of payments that are qualitatively similar to gifts in that they are given freely and not in exchange for an employee's labor.

¶ 30    S&C's reading of the regulation, by contrast, ignores the grammatical structure of the regulatory language and turns the plain language on its head. S&C argues:

> " 'Sums paid as gifts' and 'other amounts' are two different objects of the verb 'shall not include,' which introduces the exclusions. 'Other amounts' are therefore one of the types of 'remuneration' excluded from the statute's scope.

Taken together, the two categories in this provision establish that the Department intended to exclude payments that are not based on hours, whether they are gifts or any other type of payment. In other words, 'gifts' are a common example, but not the only example, of payments not measured by hours worked."

This argument distorts the language in the regulation. S&C reads section 210.410(a) to exclude amounts not measured by or dependent on hours worked, *such as sums paid as gifts*, but the actual wording excludes "*sums paid as gifts such as* those made at holidays or other amounts not measured by or dependent on hours worked." S&C's reading of the regulation requires this court to rewrite it in a manner inconsistent with its clear and unambiguous language, which we cannot do. See *People v. Pullen*, 192 Ill. 2d 36, 42 (2000).

¶ 31　　The plaintiffs' interpretation of section 210.410(a) also aligns with the regulatory scheme of legislative intent as a whole. See *In re Julie M.*, 2021 IL 125768, ¶ 27 ("The statute must be viewed as a whole, and as such, this court construes words and phrases not in isolation but relative to other pertinent statutory provisions."). A separate regulation, section 210.430 (56 Ill. Adm. Code 210.430 (1995)), lists various types of compensation that are not measured by hours worked but *are* included in the regular rate of pay for certain employees. For instance, section 210.430(i) states that commissions, which are calculated based on a percentage of sales, "are payments for hours worked and must be included in the regular rate." *Id.* § 210.430(i). Section 210.430 also requires employers to include compensation on a piece-rate basis, on a salary basis, or on a per-day or per-job basis in the regular rate of pay. *Id.* § 210.430(b), (c), (d). None of these types of pay are dependent on or measured by hours worked. Thus, the exclusion in section 210.410(a) cannot be read to exclude *all* compensation not measured by or dependent on hours worked, as the appellate court found.

¶ 32　　The appellate court's reading of section 210.410(a) also renders superfluous other enumerated exclusions in section 210.410 that are not measured by or dependent on hours worked. See *People v. Jones*, 214 Ill. 2d 187, 193 (2005) (statutes must be read as a whole and construed so that no part is rendered superfluous or meaningless). For instance, the regulation excludes from the regular rate "[p]ayments made for occasional periods when no work is performed due to a

vacation, holiday, illness, failure of employer to provide sufficient work, or other similar cause" and "[c]ontributions irrevocably made by an employer to a trustee or third person pursuant to a bona fide plan for providing old age, retirement, life, accident, or health insurance or similar benefits for employees." 56 Ill. Adm. Code 210.410(b), (d) (1995). If the appellate court were correct that section 210.410(a) excludes *all* amounts not measured by or dependent on hours worked, there would be no need to list specific exclusions for types of compensation that are not measured by or dependent on hours worked.

¶ 33        Finally, the plaintiffs' construction of section 210.410(a) is supported by persuasive federal authority. The Department's regulations provide that federal guidance as to the meaning of the federal Fair Labor Standards Act of 1938 (FLSA) (29 U.S.C. § 201 *et seq.* (2018)) is probative of the meaning of the Wage Law. See 56 Ill. Adm. Code 210.120 (1995); *Kerbes v. Raceway Associates, LLC*, 2011 IL App (1st) 110318, ¶ 25. Section 207(e)(1) of the FLSA states that

> "the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include—
>
> (1) sums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on hours worked, production, or efficiency." 29 U.S.C. § 207(e)(1) (2018).

The relevant federal regulation states that a bonus is excluded under section 207(e)(1) only if it is "actually a gift or in the nature of a gift. If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift." 29 C.F.R. § 778.212(b) (2019). The federal courts applying this regulation hold that an employee's regular rate under the FLSA includes performance bonuses. See, *e.g.*, *Gilbertson v. City of Sheboygan*, 165 F. Supp. 3d 742, 750 (E.D. Wis. 2016). There is no indication in the Wage Law or its attendant regulations that the Department intended for the gift exclusion to have a different meaning in the state context than in the federal context. We thus find that the Department intended for the gift exclusion in section 210.410(a) to have a similar meaning as the corresponding federal regulation.

¶ 34 For the reasons stated above, the appellate and circuit courts erred in holding, as a matter of law, that section 210.410(a) excludes from the regular rate of pay performance bonuses that are not measured by or dependent on hours worked. As applied to this case, the amended complaint alleged that the performance bonuses were not gifts but compensation paid to the plaintiffs for their services performed at the company. The complaint further alleged that the bonuses were paid in recognition of the plaintiffs' satisfaction of certain performance and safety metrics and seniority goals. Taking as true the well-pleaded facts in the amended complaint and construing the allegations in the light most favorable to the plaintiffs, we find that S&C failed to satisfy its burden to show that the performance bonuses pled in the complaint fit within the exclusion in section 210.410(a).[3] Accordingly, its motion to dismiss on this ground was properly denied.

¶ 35 II. Underpayment and Statutory Damages

¶ 36 The plaintiffs argue that the appellate court erred in concluding that the adjusted payments paid by S&C in July 2020 fully satisfied their alleged underpayment and defeated their claims. See 2023 IL App (1st) 220020, ¶¶ 33-35. They contend that, even if the adjusted payments fully accounted for their lost overtime wages, they did not account for the statutory damages and penalties to which they were entitled under section 12(a) of the Wage Law, specifically treble damages, monthly interest of 5% for each month the overtime was left unpaid, and attorney fees and costs. 820 ILCS 105/12(a) (West 2020).

¶ 37 Section 12(a) states, in relevant part:

"If any employee is paid by his or her employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages

---

[3]The appellate court incorrectly held that it was *the plaintiffs'* burden to show that the performance bonuses were *included* in the regular rate of pay. 2023 IL App (1st) 220020, ¶ 27. This is a plain misreading of section 210.410, which states that the regular rate "shall be deemed to include *all* remuneration for employment" unless one of the enumerated exclusions applies. (Emphasis added.) 56 Ill. Adm. Code 210.410 (1995).

of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." *Id.*

¶ 38 S&C argues that the plaintiffs received all payments to which they were entitled and, thus, their claims were properly dismissed. According to S&C, even assuming that the plaintiffs were owed additional overtime wages, it was entitled to pay that overtime, and moot any claim for statutory damages, at any point prior to the plaintiffs filing suit. S&C maintains that this principle applies even when the employer pays the back wages after an employee has terminated her employment. The appellate court adopted S&C's reasoning, holding that the Wage Law does not impose a specific "deadline" for an employer to pay back wages and avoid statutory penalties. 2023 IL App (1st) 220020, ¶ 33. We disagree.

¶ 39 The plain, unambiguous language of section 12(a) refutes the argument that there is no deadline in the statute for reimbursing an employee for an underpayment. Section 12(a) provides that an employee's claim accrues on "the date of payment" (820 ILCS 105/12(a) (West 2020)), *i.e.*, the date that the employee should have been paid the wages to which he or she was entitled. The statute allows an employee to recover treble damages, costs and attorney fees, and 5% interest "for each month following the date of payment during which such underpayments remain unpaid." *Id.* There would be no reason for the legislature to include monthly statutory penalties if the employer could avoid the statutory requirements altogether by paying the employee the amount of the original underpayment many months or years later. Similarly, the statute of limitations in section 12(a) requires an employee to file suit "within 3 years from the date of the underpayment." *Id.* This limitation rests on the premise that an employer must pay overtime payments on a date certain. If there were no deadline, as the appellate court found, the statute of limitations would be rendered a nullity.

¶ 40 Moreover, our interpretation of the plain language is consistent with the statute's purpose. In their *amicus* brief, the Attorney General and the Department of Labor argue that the natural reading of section 12(a) is that an employee's claim accrues on the date on which an employer is legally required to pay its employees. They argue that an employer cannot moot an employee's claim by paying only part of what he or she is owed because the employee has not been made whole (the

employee is entitled by law to statutory damages, not merely back pay) and that to hold otherwise would rob the statute of its deterrent effects.

¶ 41　　In this case, there is no question that the adjusted payments by S&C in July 2020 did not *fully* compensate the plaintiffs for their statutory damages under section 12(a). S&C concedes that the adjusted payments included annual interest, not monthly interest, and did not include treble damages or attorney fees and costs. Therefore, the appellate court erred in dismissing the amended complaint on the ground that the adjusted payments provided the plaintiffs complete relief and defeated their claims under the Wage Law.

¶ 42　　　　　　　　　　　　　　　　　CONCLUSION

¶ 43　　For the foregoing reasons, we reverse the judgment of the appellate court, reverse the judgment of the circuit court, and remand the cause to that court for further proceedings consistent with this opinion.

¶ 44　　Judgments reversed.

¶ 45　　Cause remanded.